IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALPHONSON V. FRAZIER II,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA,<br><br>Defendant. | 8:20CV384<br><br><br>**MEMORANDUM<br>AND ORDER** |

      On September 25, 2020, Alphonson V. Frazier II, a state prisoner proceeding pro se, filed an "Affidavit of Transfer for Notice of Jurisdiction," citing "Rule 11" and "28 U.S.C. § 1446(a)." (Filing 1.) The clerk of this court docketed the Affidavit as a civil complaint filed pursuant to 42 U.S.C. § 1983 (*i.e.*, a civil rights action). Frazier has been given leave to proceed in forma pauperis. (Filing 6.) The court now conducts an initial review of Frazier's pleading to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. SUMMARY OF COMPLAINT

      In his pleading, Frazier refers to himself as "Defendant" and lists the State of Nebraska as "Plaintiff." (Filing 1 at 1.) Frazier seeks to remove his state criminal case, *State v. Frazier*, County Court of Douglas County, Nebraska, Case No. CR20-8632, in which he is charged with two counts of disorderly conduct and one count of disturbing the peace. A jury trial on the disturbing the peace charge is scheduled for November 2, (Filing 1 at 1, 26.)

### II. APPLICABLE LEGAL STANDARDS ON IN INITIAL REVIEW

      The court is required to review prisoner and in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to

state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 28 U.S.C. § 1915A.

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

**A. Affidavit of Transfer**

Frazier references 28 U.S.C. § 1446(a), which pertains to the removal of civil actions and has no application here. (Section 1446(a) in turn references Rule 11 of the Federal Rules of Civil Procedure, which requires every filed pleading, written motion, and other paper to be signed).

It appears Frazier may be attempting to remove his state criminal case to this court pursuant to 28 U.S.C. §§ 1443 and 1455. A defendant who wishes to remove a criminal prosecution from a state court must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant ... in such action." 28

U.S.C. § 1455(a). In addition, "[a] notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant ... leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1). Further, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

The federal statute governing the removal of criminal prosecutions from state court to federal court provides, in relevant part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof ....

28 U.S.C. § 1443.

To demonstrate that removal is proper under § 1443(1), a defendant "must show that he relies upon a law providing for equal civil rights stated in terms of racial equality." *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997). Stated differently, "the right denied defendant must be one that arises under a federal law that provides for specific civil rights stated in terms of racial equality," and "the defendant must be unable to or be denied the opportunity to enforce these specified federal rights in the courts of the state in question." *Conrad v. Robinson*, 871 F.2d 612, 614-15 (6th Cir. 1989) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Johnson*, 421 U.S. at 219.

Here, Frazier's filing is deficient as it does not contain "a copy of all process, pleadings, and orders served upon" him in the state criminal case, nor was it timely

3

filed within 30 days of his arraignment.[1] Additionally, Frazier does not allege he was denied any civil rights on racial grounds or under a federal equal rights law. Rather, Frazier claims that his purported status as an "Indigenous Natural Person" or "Indigenous Moorish-American National" essentially makes him immune from Nebraska law. It does not, and such a premise, often utilized by "sovereign citizens" and others who believe they are exempt from the jurisdiction of the courts, has been repeatedly rejected as frivolous. *See Bey v. Missouri*, No. 4:18-CV-1515-JCH, 2018 WL 5831251, at *1 (E.D. Mo. Nov. 7, 2018), *appeal dismissed*, No. 19-1309, 2019 WL 3814394 (8th Cir. Apr. 10, 2019) (citing cases). Moreover, Frazier fails to allege that he would be precluded from enforcing his constitutional rights in state court.

Thus, to the extent Frazier is requesting removal of his state criminal case to this court, this matter is summarily remanded to the County Court of Douglas County, Nebraska, because it "appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." 28 U.S.C. § 1455(b)(4).

**B. Section 1983 Civil Complaint**

To the extent Frazier's Affidavit may be construed as a civil complaint under 42 U.S.C. § 1983, the court must abstain from exercising jurisdiction over his claims for relief pursuant to the *Younger* abstention doctrine. The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), directs that federal courts must not interfere with, or intervene in, ongoing criminal proceedings in state court. Absent extraordinary circumstances, this court must abstain from exercising jurisdiction over any civil action that challenges Frazier's ongoing criminal proceedings. *See Hudson v. Campbell*, 663 F.3d 985, 987 (8th Cir. 2011) ("The *Younger* abstention doctrine derives from notions of federalism and comity. *Younger* itself held that, absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions."). Frazier has alleged no such extraordinary circumstances in

---

[1] This court has been afforded access to the computerized record keeping system (JUSTICE and SCCALES) for the Nebraska state courts. The court takes judicial notice that Frazier was arraigned on August 10, 2020, in the County Court of Douglas County, Nebraska, Case No. CR20-8632.

his Affidavit. Thus, the court will not interfere with, or intervene in, Frazier's ongoing criminal proceedings.

IT IS THEREFORE ORDERED:

1. To the extent Frazier's Affidavit of Transfer may be construed as a civil complaint, this action is dismissed without prejudice for lack of jurisdiction.

2. To the extent Frazier is requesting removal of his state criminal case to this court, his request is denied, and this case is remanded to the County Court of Douglas County, Nebraska.

3. Judgment shall be entered by separate document.

4. The Clerk of Court is directed to send a certified copy of this Memorandum and Order, and of the court's Judgment, to the Clerk of the County Court of Douglas County, Nebraska, and to take any other action necessary to effectuate the remand.

Dated this 15th day of October, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge